# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **Wendy Wobser**<br>1315 S Lake Wilmer Drive, Apt 206B<br>Sandusky, OH 44870<br><br>　　　Plaintiff, on her own behalf<br>　　　and on Behalf of the Class<br>　　　defined herein,<br><br>v.<br><br>**Ventra Sandusky, LLC**<br>　　　Statutory Agent:<br>　　　c/o Karen Lukco<br>　　　3020 Tiffin Ave.<br>　　　Sandusky, OH 44870<br><br>and<br><br>**Flex-N-Gate Corporation**<br>　　　Statutory Agent:<br>　　　c/o Jeffrey Miller<br>　　　502 E. Anthony Drive<br>　　　Urbana, IL  61802<br><br>　　　Defendants. | Case No. 3:20-cv-2796<br><br>Judge<br><br>**CLASS ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Hereon)<br><br><br><br>Dennis E. Murray, Jr. (0038509)<br>Joseph A. Galea (0089550)<br>MURRAY & MURRAY CO., L.P.A.<br>111 E. Shoreline Drive<br>Sandusky, Ohio 44870-2517<br>Telephone:  (419) 624-3000<br>Facsimile: (419) 624-0707<br>dmj@murrayandmurray.com<br>jag@murrayandmurray.com<br><br>*Attorneys for Plaintiff* |

## INTRODUCTION

1. Plaintiff brings this action against Ventra and Flex-N-Gate for their interference with the use of unpaid leave as guaranteed by the Family Medical Leave Act (FMLA). Plaintiff brings this action on behalf of herself and a Class of similarly impacted individuals. In short, Defendants interfere with the use of FMLA leave when leave is planned or anticipated because Defendants require Plaintiff and the members

of the punitive Class to take time off and lose pay simply to receive the forms necessary to apply for advanced FMLA leave. In so doing, they discourage employees form taking leave because they lose compensation. Furthermore, for the period of time between the application for the forms necessary to apply for FMLA leave and the date on which it is approved, attendance points are added to the total points accumulated by the employee requesting leave, which further discourages Plaintiff and other members of the punitive Class from requesting leave.

## PARTIES

2. Plaintiff Wendy Wobser is an individual residing in Sandusky, Erie County, Ohio. Wobser is a citizen and resident of Ohio.

3. Defendant Ventra Sandusky, LLC ("Ventra") is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, Ventra maintains its principal place of business in Ohio. Ventra is therefore a citizen of Ohio and Delaware.

4. Defendant Flex-N-Gate is an American automotive parts supplier headquartered in Urbana, Illinois with manufacturing operations across the United States. Flex-N-Gate is an Illinois corporation incorporated in Urbana, Illinois.

## JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant to the Family and Medical Leave Act ("FMLA") at 29 U.S.C. § 2601, *et seq.* This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claim arises under the laws of the United States.

6. This case arises from an employment relationship centered in Sandusky, Erie County, Ohio, which is located in this judicial district and division. Venue is proper in this District and Division pursuant 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred here.

## COMMON FACTUAL ALLEGATIONS

7. Ventra is owned by Flex-N-Gate. Ventra operates a substantial manufacturing facility in Sandusky, Ohio at which it employs hundreds of workers.

8. Flex-N-Gate is one of the largest automotive manufacturing companies in the United States with over 13,000 employees. It is privately owned, and one of the largest privately owned companies in the United States.

9. Ventra hired Wobser in approximately April 9, 2012 to serve as a Technician. Plaintiff has worked more than 1250 hours in the twelve (12) months preceding several request for medical leave in the past year.

10. Ventra maintains a no-fault attendance policy under which points are signed for most types of absences, regardless of reason.

11. Ventra utilizes a third party called MorningStar to administer aspects of its human relations function, including matters related to FMLA leave. Upon information and belief, Ventra's owner, Flex-N-Gate, uses MorningStar to provide similar services within its corporate footprint.

12. Plaintiff periodically requires planned FMLA leave to address certain medical issues. Each occasion in which she has taken leave during a period of time within the statute of limitations, MorningStar, acting as Defendants' agent, has required that she first take time off from work to receive the materials that she needs to complete

to obtain FMLA leave. In the meantime, she is docked an attendance point, which is then restored if the FMLA leave is approved. However, she is not and has not been reimbursed or otherwise made whole for her lost compensation.

13. The Morning Star app which most Ventra employees use on their phone specifically states that "a claim can only be started once an FMLA related absence is reported."

14. Ventra and Flex-N-Gate are integrated employers for purposes of the FMLA.

15. The wrongful conduct alleged herein was taken and done intentionally and was unlawful pursuant to the FMLA.

## **INTEGRATED EMPLOYERS**

16. Ventra and Flex-N-Gate have common ownership, particularly since Ventra is a wholly owned subsidiary of Flex-N-Gate.

17. Flex-N-Gate's website touts the fact that "while FNG (Flex-N-Gate) and Ventra may have different specialties, all three brands operate under the same umbrella and work toward common goals to attract the best talent in the industry who share our commitment to provide best-in-class products for our customers worldwide." https://jobs.flex-n-gate.com/about.

18. Flex-N-Gate's website further touts the fact that "[w]e provide customers a comprehensive solution using our collective resources of product engineering, product management, testing, stamping, welding, molding, painting, plating, assembly and shipping". https://www.flex-n-gate.com/index.html.

19. Flex-N-Gate states that it has a global platform "with 64 integrated manufacturing facilities" in the U.S. and eight other countries "that provide clients with improved quality, efficiency, cost and control. With over 24,000 associates world-wide we can build your components and deliver them anywhere your factories are." *Id.*

20. Flex-N-Gate further touts the fact that it has "4 engineering centers around the world working with each of our component divisions". *Id.*

21. Importantly, Flex-N-Gate lists all of its company awards under the name of Flex-N-Gate, regardless of the customer or the part, further listing its certifications on a system-wide basis. https://www.flex-n-gate.com/AboutUs.html.

22. Flex-N-Gate touts that "the Flex-N-Gate Group of Companies is committed to continual improvement of its Environmental Management System (EMS), which included waste minimization, protecting the environment, prevent pollution, sustainable use of natural resources and compliance to all relevant federal, state, provincial, and local environmental regulations." *Id.* The company further commits to meet or exceed environmental requirements of the organizations to which Flex-N-Gate subscribes and that "[t]o sustain this commitment, requirements of the EMS system described in this manual apply to all activities, equipment, material and employees globally." The website continues by stating that the EMS employees "have the responsibility and authority to plan, enforce and maintain the company's EMS." *Id.*

23. Flex-N-Gate's website states that "[t]he diverse members of the Flex-N-Gate group of companies adhere to the highest possible principles of social and economic development consistent with the local, regional, national and international scope of our operations. We embrace social principles of universal application, with

support and guidance from international organizations of highest reputation, including Sullivan Group and CERES." *Id.*

24. The website lists the company's many car manufacturing customers as a group, without regard to which division or plant services which customer. *Id.*

25. The company's website uses a common portal to advertise available jobs and accept applications. https://jobs.flex-n-gate.com/. A recent listing included one from Sandusky, Ohio.

26. The company's website touts that it uses something it calls "The Work Number" to provide automated employment and income verifications to our employees in the U.S. https://www.flex-n-gate.com/Departments.html.

27. Upon information and belief MorningStar is used across the Flex-N-Gate system to handle FMLA, sick time and vacation time.

## CLASS ACTION ALLEGATIONS

28. Plaintiff repeats and incorporates herein all previously pleaded averments.

29. Plaintiff brings this action pursuant to Fed.R.Civ.P. 23 on behalf of a Class defined as follows: all employees of Flex-N-Gate and its subsidiaries who lost compensation during the three years before the complaint was filed to the present because they were required to take an uncompensated FMLA related absence in order to be permitted to take planned qualifying FMLA leave.

30. The members of the Class are so numerous that joinder is impracticable. At any given time, Flex-N-Gate employs approximately 13,000 individuals. Based upon typical FMLA usage, Plaintiff estimates that the Class contains hundreds if not thousands of individuals.

31. Members of the Class can be identified by review of the HR records of Flex-N-Gate, MorningStar and/or Flex-N-Gate subsidiaries because each of the members of the Class would be identifiable from having to take and receive an attendance point in order to request the requisite FMLA forms, which attendance point was later removed. Upon information and belief, such review could be based upon and facilitated by electronic search methods.

32. There are common question of fact and law affecting all members of the Class including: a) whether Flex-N-Gate's FMLA leave policies comply with the FMLA; b) whether Flex-N-Gate was permitted to require an uncompensated FMLA absence in order to provide its employees with the forms necessary to secure advanced FMLA leave; c) whether Flex-N-Gate unlawfully interfered with class members' right to take leave under the FMLA.

33. Plaintiff's claim is typical of all members of the Class in that she lost compensation in order to obtain the forms necessary to secure advanced FMLA leave.

34. Plaintiff will fairly and adequately represent the interests of the Class. Both Plaintiff and her counsel meet the adequacy requirements of the Fed.R.Civ.P. 23.

35. Plaintiff's interests are not antagonistic to other members of the Class and are, in fact, similar with respect to these Defendants.

36. Plaintiff's legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. Her counsel's ability to skillfully litigate cases such as the present case is well-documented. Plaintiff's counsel has and will continue to dedicate high levels of skill and dedication to the vigorous prosecution of this class action litigation.

37. A class action is a superior method of resolution to the other available methods for a fair, efficient and just resolution of this controversy.

38. The expense and burden of individual litigation are impediments to Class members seeking redress for the wrongful conduct alleged.

39. Further, prosecutions of separate actions against Flex-N-Gate would create a risk of inconsistent or varying adjudication and could create inconsistent standards of conduct with respect to Flex-N-Gate's administration of its no-fault attendance policy.

40. The current action is maintainable under both the Fed.R.Civ.P. 23(b)(2) and 23(b)(3) standards.

41. This action is maintainable under Fed.R.Civ.P. 23(b)(3) because common questions of fact and law, as outlined above, predominate over any questions affecting only individual members of the Class, which focus almost exclusively on the amount of damages owed in the form of lost wages, salary, and other compensation, including liquidated damages and interest.

42. A class action is a superior method to other mechanisms available. The amount in controversy with respect to each individual Class member is relatively modest and the prosecution of separate actions is comparatively costly.

## CAUSE OF ACTION
### FMLA Interference

43. Plaintiff repeats and incorporates all previously pleaded averments.

44. At all times relevant hereto, plaintiff and the members of the Class were approved by Flex-N-Gate and its subsidiaries to take FMLA leave and indeed took such leave, but in addition to losing compensation for the actual leave, were also required to

have an advanced and unnecessary FMLA absence in order to qualify for the actual leave.

45. By requiring Plaintiff and the members of the Class to take an unnecessary FMLA related absence in order to secure a planned FMLA leave, Flex-N-Gate unlawfully interfered with the right to take FMLA leave.

**WHEREFORE,** Plaintiff, on behalf of herself and others similarly situated, demands judgment against the Defendants in an amount to be determined by a jury and further demands judgment as follows:

a. That the Court, as soon as practicable, certify the Classes defined herein and appoint the undersigned counsel to represent them;

b. For damages on behalf of Class in an amount to be determined by a jury, but including an award of back pay, an award of front pay, an award of liquidated damages, costs and interest;

c. For an award of reasonable costs, attorney's fees and expert witnesses fees;

d. For whatever additional legal and equitable relief the Court may find just under the circumstances.

Respectfully submitted,

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
Joseph A. Galea (0089550)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44870-2517
Direct Dial: (419) 624-3126
Facsimile: (419) 624-0707

dmj@murrayandmurray.com
jag@murrayandmurray.com

*Attorneys for Plaintiff*

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury of this cause.

*s/ Dennis E. Murray, Jr.*
Dennis E. Murray, Jr. (0038509)
MURRAY & MURRAY CO., L.P.A.

*Attorney for Plaintiff*